

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

September 11, 1969

Hon. O. N. Humphreys, Jr.          Opinion No. M-471
Administrator
Texas Liquor Control Board         Re: Construction of H.B. 1078,
Austin, Texas                          Acts. 61st Legislature,
                                       R.S., 1969, concerning
Dear Mr. Humphreys:                    Wholesaler's Permit.

You have requested an opinion concerning the construction
of H.B. 1078, Acts 61st Legislature, R.S., 1969, and have,
specifically, requested an answer to the following four (4)
questions:

"Question No. 1.  In Section 1, Chapter 552, Acts of
the 61st Legislature, Regular Session, 1969 (herein-
after referred to as House Bill 1078), is the Whole-
saler's Permit therein referred to restricted ex-
clusively to the permit authorized in Article 1,
Section 15(6), Texas Liquor Control Act, and exclud-
ing the General Class B Wholesaler's Permit authorized
by Article 1, Section 15(7), T.L.C.A., and the Local
Class B Wholesaler's Permit authorized by Article 1,
Section 15(7a), T.L.C.A.?

"Question No. 2.  If the answer to Question No. 1 is
'yes', is House Bill 1078 unconstitutional as making
an unreasonable and arbitrary discrimination against
the holders of General Class B Wholesaler's Permits
and Local Class B Wholesaler's Permits?

"Question No. 3.  Is House Bill 1078 unconstitutional
by being partially in conflict with Article 16, Section
20, of the Texas Constitution?

"Question No. 4.  If House Bill 1078 is not unconsti-
tutional, may the holder of a Wholesaler's Permit in
an area wet for the limited purpose of the sale of
beer make sales and purchases of liquor if title to
such merchandise passes:  (a)  within the limited wet
area where he is located; or (b) within another area
where the sale of all alcoholic beverages is legal?"

We have concluded that the first question must be answered in
the affirmative.  House Bill 1078 amends Article 1, Section 4,

- 2348 -

Texas Liquor Control Act, by adding a new subsection (b-1), which reads as follows:

> "Anything in this Act to the contrary notwith-standing, it shall not be unlawful for any person in any area wet for the limited purpose of the sale of beer, or the sale of beer and wine to apply for and be issued a Wholesaler's Permit, as described in Section 15, Subsection (6) of Article 1 of this Act, and to exercise all rights and privileges of such permit holders."

Article 1, Section 15(6), Texas Liquor Control Act, provides:

> "Wholesaler's Permit.  A Wholesaler's Permit shall authorize the holder to:
>
> (a).  _Purchase_ and import liquor from distillers, brewers, wineries, wine bottlers, rectifiers and manu-factures, who are the holders of Non-resident Seller's Permits, and their agents who are the holders of Manu-facturer's Agents Permits and _purchase_ same from other wholesalers within this State;
>
> (b).  _Sell_ liquor in original containers in which received in this State to _retailers and wholesalers authorized to sell same;_
>
> (c).  _Sell_ liquor out of State to qualified persons;
>
> (d).  It is provided that a person applying for a Wholesaler's Permit shall be authorized to include in a single application his petition for such permit, as well as for private storage, storage in a public bonded ware-house, and private carrier's permit, and any other permit which he is qualified to receive under the provisions of this Act.  Provided, however, that such wholesaler shall pay the fees prescribed by this Act for each such permit covered in such Wholesaler's application.  The same sub-division shall apply to a Class B Wholesaler's, Rectifier's, Brewer's, Distiller's, Class A Winery, and Class B Winery Permits.
>
> The annual State fee for a Wholesaler's Permit shall be One Thousand, Two Hundred and Fifty Dollars ($1,250)."

(Emphasis added).

The Wholesaler's Permit referred to in H.B. 1078 appears to us to be a new class of permit and by the clear language of H.B.

1078, one must refer to Section 15(6) of Article 1 for a description of the permit and as to what a holder thereof is entitled to do. Since the Legislature is vested with power under Article 16, Section 20, Constitution of the State of Texas, to regulate intoxicating liquors in this State, it has the power to provide for a new type of permit, and it need not, in particular, be specifically designated and contained in Article 1, Section 15, (the permit section of the Act). Since H.B. 1078 is a "Permit Act" and the General and Local Class B Wholesalers are not included, the question of "exclusion" does not arise.

With reference to the second question, Article 16, Section 20, of the Constitution of Texas delegates to the Legislature the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors. H.B. 1078 comes within the power of the Legislature to create classes of permits and set up criteria by which one may obtain such a permit. Attorney General Opinion No. WW-1126 (1961).

H.B. 1078 does not make an unreasonable discrimination against General or Local Class B Wholesalers. Nothing in the Act would prevent a person who presently holds a General or Local Class B Permit from making application, paying the fee, and obtaining a H.B. 1078 Permit, since the Act provides that any person may apply for this permit.

We must, therefore, answer the second question in the negative.

We now proceed to consider the third question. In addition to the power delegated to the Legislature to regulate the manufacture, sale, possession and transportation of intoxicating liquors, Article 16, Section 20, of the Constitution of Texas, provides as follows in Subsection (b):

> "(b) The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; and such laws shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content."

By analogy, H.B. 533, Acts 57th Leg., R.S. 1961, ch. 478, p. 1066, allowed holders of brewer's or manufacturer's permits in wet areas to continue to operate if the area was voted dry provided they did not sell contrary to the local option election.

Attorney General Opinion No. WW-1126, supra, stated that H.B. 533 did not violate Article 16, Section 20, of the Constitution of Texas, by allowing such permittee to continue to do business after a local option election in which the location was voted dry, provided he did not sell in the dry area. WW-1126 is by implication interpreting sale under the local option law to mean: sale by retailers for purposes of consumption in a dry area and this is the type of sale prohibited by the Constitution. This interpretation has never been challenged in court and there is no legal authority which is contrary thereto. Our courts have given great weight to Attorney General's Opinions and follow them unless clearly wrong. Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (1948); Royalty v. Nicholson, 411 S.W.2d 565 (Tex.Civ.App. 1967, error ref; n.r.e.) H.B. 1078 does not include sales contrary to local option dictates and we feel the holding in Attorney General's Opinion WW-1126 applies. It is the policy of this office to follow earlier opinions on the same subject where not clearly erroneous. Attorney General Opinion No. O-1659 (1939).

We must answer your third question in the negative, relying upon Opinion No. WW-1126.

In response to the fourth question, we are of the opinion that the passage of title is not controlling of any issue after consideration of our answer to Question No. 3 and hence feel it unnecessary to answer Question No. 4.

## S U M M A R Y

The Wholesaler's Permit referred to in H.B. 1078 is restricted to the Permit authorized in Article 1, Section 15(6), Texas Liquor Control Act, as to the rights and privileges of the permit holders. H.B. 1078 does not make an unreasonable or arbitrary discrimination against the holders of General Class B Wholesaler's Permits and Local Class B Wholesaler's Permits. H.B. 1078 is constitutional and does not conflict with Article 16, Section 20, Constitution of the State of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles R. Parrett
Assistant Attorney General

Hon. O. N. Humphreys, Jr., page 5   (M-471)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman

Ronald Luna
Bob Lattimore
Tom Bullington
Gordon Cass

Meade F. Griffin
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant

Nola White
First Assistant